UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRIGORY KRAVTSOV,

Plaintiff,

-against-

STONEWALL FARM SECURITY OFFICER (NAME UNKNOWN); STONEWALL FARM PROPERTY OWNER/OPERATOR,

Defendants.

26-CV-3783 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, seeking declaratory relief arising from a security officer asking him to leave private property. Named as Defendants are an unidentified security officer at Stonewall Farm, which is private property located in Granite Springs, Westchester County, and the owner/operator of Stonewall Farm. By order dated July 28, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff states that he is bringing this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, against a security officer and the owner of Stonewall Farm. The following allegations are drawn from the complaint.[1] On a "date around 2016," Plaintiff was present at 159 Mahopac Avenue in Granite Springs, New York, where he was "collecting non-disruptive

[1] Plaintiff writes in all capital letters. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

environmental runoff samples from areas accessible without crossing any locked gates or posted 'No Trespassing' barriers." (ECF 1, at 5.) A security officer employed by Stonewall Farm ordered Plaintiff to stop collecting samples and to "leave the area despite the activity being limited to surface sampling in publicly accessible space." (*Id.*)

Plaintiff alleges that he "conducts scientific and environmental monitoring work and seeks to clarify his legal right to perform non-interfering environmental sampling in publicly accessible locations and the scientific-status classification associated with that work." (*Id.*)

Plaintiff seeks to "incorporate[] by reference" approximately 385 pages of exhibits "which contains the scientific-status framework, tensor-analysis methodology, and supporting declaratory materials previously prepared." (*Id.* at 6.)

Plaintiff describes his injuries as "interference with [his] ability to conduct non-disruptive environmental sampling and uncertainty regarding his legal and scientific-status classification." (*Id.*)

Plaintiff seeks a declaratory judgment that (1) his "non-disruptive environmental sampling at publicly accessible locations," including Stonewall Farms, "does not violate any lawful restriction" and (2) his "scientific-status classification . . . is recognized for purposes of conducting non-interfering environmental monitoring and sample collection." (*Id.*)

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court

*sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1. Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes federal question jurisdiction and states that he is asserting claims under the Declaratory Judgment Act, 28 U.S.C. § 2201. (ECF 1, at 2.) The Declaratory Judgment Act, however, "does not create an independent cause of action." *Rand v. Travelers Indem. Co.*, 637 F. Supp. 3d 55, 72 (S.D.N.Y. 2022) (citing *In re Joint E. & S. Dit. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)). Instead, "a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *Id.* (quoting *In re Joint E. & S. Dit.*

*Asbestos Litig.*, 14 F.3d at 731). Accordingly, "the Declaratory Judgement Act does not provide an independent basis for subject matter jurisdiction in the district courts." *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (citing *Checknan v. McElroy*, 313 F. Supp. 2d 270, 274 (S.D.N.Y. 2004)).

Plaintiff does not invoke any other source of federal question jurisdiction for his claims, nor is the Court aware of any federal law or statute that would allow a private citizen to enter onto property belonging to another private citizen, without that person's permission, to collect "environmental runoff samples."[2] (ECF 1, at 5.) Similarly, there is no federal cause of action that would permit the Court to issue a declaration that would "recognize[]" Plaintiff's "scientific-status classification" for purposes of collecting environmental samples on private property without the permission of the property owner. The Court therefore lacks federal question jurisdiction of Plaintiff's claims.

---

[2] Plaintiff does not purport to assert federal constitutional claims under 42 U.S.C. § 1983, and nor could he. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Nothing in the complaint suggests that Defendants violated Plaintiff's constitutional rights. Moreover, Plaintiff sues two private security guards and a private landowner. Private parties, however, generally are not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). A private security guard may be considered to be a state actor if he or she exercises certain police powers granted by the state or local government, such as the power to make an arrest. *See, e.g.*, *Kilyako-Gullas v. E. End Temple*, No. 1:20-CV-5690, 2020 WL 4926155, at *2 (S.D.N.Y. Aug. 20, 2020) ("Courts within this Circuit have recognized . . . that a private security guard may act as a state actor if he or she has been granted certain police powers by the state or local government." (citing cases)); *Brooks v. Santiago*, No. 93-CV-0206, 1994 WL 529865, at *1 (S.D.N.Y. Sept. 28, 1994) (noting that "where the private security officer bears some additional imprint of public authority, his conduct may constitute state action" (citing cases)). Here, Plaintiff alleges no facts suggesting that the private security guard he sues has been granted certain police powers by a local or state government so that this defendant may be considered a state actor for purposes of Section 1983.

### 2. Diversity of citizenship jurisdiction

To the extent Plaintiff's claims involve his right to trespass on private land, such claims are governed by state law. *See, e.g.*, *Scirbner v. Summers*, 84 F.3d 554, 557 (2d Cir. 1996) (setting forth elements of a trespass claim under New York law in action alleging trespass on private property). Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction to consider his state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not invoke the Court's diversity jurisdiction, and his allegations do not demonstrate that the Court has diversity jurisdiction of his state law claims. Plaintiff alleges that both he and all defendants are citizens of the State of New York. Furthermore, Plaintiff does not allege the value of his claims, and it is unclear from the complaint whether he could satisfy the $75,000 jurisdictional threshold. For these reasons, the Court lacks diversity jurisdiction of any state law claims Plaintiff is seeking to assert.

## B. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: August 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.